UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KERMIT STANALAUS LYTELL

CIVIL ACTION

NO: 11-2473

SECTION: "S" (5)

**OPINION**

Kermit Stanalaus Lytell appeals the bankruptcy court's denial of his objections to claims made by Midland Credit Management, Inc. For the reasons set forth, the decision of the bankruptcy court is **REVERSED**. The matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion.

**BACKGROUND**

Appellant-Debtor, Kermit Stanalaus Lytell, filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana. In his schedules, Lytell listed Midland Funding, LLC as a disputed creditor on four accounts because Midland Funding had previously filed two collections lawsuits against him alleging that it was the successor-in-interest on those accounts. Midland Funding did not file any proofs of claim in Lytell's bankruptcy proceeding. Instead, Midland Credit Management, Inc. filed four proofs of claim in Lytell's bankruptcy proceeding: (1) Claim 1 for $16,560; (2) Claim 2 for $5,987.39; (3) Claim 4 for $2,523.16; and (4) Claim 5 for $5,805.27.

Lytell objected to these claims. Lytell argues that they are deficient under Rule 3001 of the Federal Rules of Bankruptcy Procedure because the claims are based on credit card agreements and do not include proof of the credit card agreements or evidence of the assignment to Midland Credit. He also alleges that the claims are unenforceable against his property under 11 U.S.C. § 502(b)(1) because they are unenforceable under Louisiana law due to Midland Credit's failure to prove the existence of a contract. Midland Credit did not respond to the objections.

The bankruptcy court heard Lytell's objections on July 12, 2011. Midland Credit did not appear at the hearing. The bankruptcy judge overruled Lytell's objection. She stated that Lytell listed debts on his schedules to entities for which Midland Credit claims it is the successor-in-interest, and that she would not permit Lytell to "not pay simply because [Midland Credit] didn't attach [the proper documents]."

Lytell filed a motion for reconsideration, which the bankruptcy court heard on August 23, 2011. Midland Credit did not file a response or appear at the hearing. The bankruptcy judge denied Lytell's motion to reconsider. Thereafter, Lytell filed this appeal. He argus that Midland Credit's claims should be disallowed because it did not file the documents required by Rule 3001, and it failed to prove the existence of a contract under Louisiana law.

## ANALYSIS

**A. Standard of review**

District courts of the United States have jurisdiction to hear appeals from orders of the bankruptcy court. See 28 U.S.C. § 158(a). "[C]onclusions of law are reviewed *de novo*, findings

2

of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*." In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

B.   **Lytell's Objections to Midland Credit's Claims**

Section 502(a) of the Bankruptcy Code provides that a claim for which proof is filed under § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim that is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes "*prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f).

Under Rule 3001(a), "a proof of claim is a written statement setting forth the creditor's claim," and "shall conform substantially to the appropriate Official Form." Id. at 3001(a). Rule 3001(c) provides that, when a claim is based on a writing, such as a credit card agreement, the original or a copy of the writing must be filed with the proof of claim, or if the writing has been lost or destroyed, a statement of the circumstance of the loss or destruction must be filed with the proof of claim. Id. at 3001(c). Further, when a transferee of a claim files a proof of claim, it must include a statement setting forth the terms of the transfer. Id. at 3001(e). For a claim to be properly filed under Official Form 10, which is used by creditors to file proofs of claim in a consumer bankruptcy, it must include: "(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents." In re Armstrong, 320 B.R. 97, 104 (Bankr. N. D. Tex. 2005). In regards to supporting documents, Official Form 10 provides:

> *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements, contracts, court judgments, mortgages, security agreements, and evidence of

3

> perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

Id.

Therefore, in a consumer bankruptcy case, if a creditor's proof of claim complies to Rule 3001(c) and Official Form 10, it is consider *prima facie* valid under Rule 3001(f). In this case, Midland Credit's proofs of claim did not conform to these rules, and is not considered *prima facie* valid. However, claims that are not *prima facie* valid under Rule 3001(f) are not automatically disallowed. Id. at 104. Once a debtor objects to a claim that is not *prima facie* valid under Rule 3001(f) due to lack of documentation, the creditor must offer the supporting documentation to carry its burden of proof regarding the validity of the claim. Id. at 105. In In re Kirland, 572 F.3d 838, 840-41 (10th Cir. 2009), the United States Court of Appeals for the Tenth Circuit upheld a bankruptcy court's decision to disallow a claim because the creditor failed to attach sufficient documentation to prove its claim under Rule 3001.

In this case, Lytell objected to Midland Credit's failure to comply with Rule 3001's requirement of filing documentation supporting its claims. Further, he objected to the validity of the claims under § 502(b)(1), arguing that the claims are unenforceable against him or his property under Louisiana law because Midland Credit did not prove the existence of contracts that would entitle it to make the claims.

Section 502(b)(1) states that a claim is not allowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." "State law is applied to determine what claims are valid

4

under § 502." In re Southmark Corp., 239 F.3d 365 (5th Cir. 2000). In Travelers Cas. & Sur. Co. of America v. PG & E, 127 S.Ct. 1199, 1204-05 (2007), the Supreme Court of the Untied States explained § 502(b)(1) as follows:

> This provision is most naturally understood to provide that, with limited exception, any defense to a claim that is available outside of bankruptcy context is also available in bankruptcy. This reading of § 502(b)(1) is consistent not only with the plain statutory text, but also with the settled principle that "creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." That principle requires bankruptcy courts to consult state law in determining the validity of most claims.

Midland Credit's claims against Lytell is based on a contract, specifically a credit agreement. Pursuant to Louisiana Civil Code Article 1831, "[a] party who demands performance of an obligation must prove the existence of the obligation." Further, in Aria v. Stolthaven New Olreans, L.L.C., 9 So.3d 815, 822 (La. 2009), the Supreme Court of Louisiana states that *prima facie* proof of an obligation based on a writing requires introduction of that writing into evidence.

Once Lytell objected to Midland Credit's failure to file the appropriate paperwork to support its claims and consented the validity of those claims under § 502, Midland Credit had the burden to supply to appropriate documentation to demonstrate the existence of the obligation. Midland credit did not carry its burden. Therefore, its claims against Lytell are disallowed.

## CONCLUSION

The bankruptcy court's denial of Lytell's objections to Midland Credit's claims is **REVERSED**. The matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion.

New Orleans, Louisiana, this __25th__ day of January, 2012.

*Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**